## W. TERRILL *v.* T. GAMBLIN, et als.

The estate of *Nicholson* held a note due to it by *Gamblin*, which the administrator assigned to the estate of *Sheldon*, to pay a debt which *Nicholson's* estate owed it. *Held:* that this could in no sense be considered as an extinguishment of *Gamblin's* note, and that the transfer carried with it every thing which was accessory to the note, such as suretyship, privileges and mortgages.

The maker of a note can not enquire into the validity of the transfer unless he has some interest in so doing.

C. C. 2615, 2625, 2185.

APPEAL from the District Court of the Parish of Caddo, *Land,* J.

The following statement of facts is from the judgment of the District Judge. —[REP.]

The facts of this case are as follows, to-wit: *Peter Nicholson,* late of the Parish of Caddo, sold to *Thomas Gamblin,* a track of land, and to secure the payment of the purchase money, took from him his promissory notes, payable at different dates, and secured by special mortgage on the land sold. The note

now in suit was one of those notes. *Thomas Gamblin* afterwards sold the same land to *R. A. Nott,* who is sued in this action as the third possessor of the mortgaged property.

*Peter Nicholson* died, and *Roderick Nicholson* was appointed his administrator, at the time of *Peter Nicholson's* death. He was indebted to the succession of *Seth Sheldon,* on a promissory note in the sum of $1861. It is admitted that *Fink* was the curator of this succession; that *Roach* was his agent and *William Terrill,* the plaintiff, was his attorney at law.

The note given by *Gamblin* to *Peter Nicholson,* came into the hands of the administrator, *Roderick Nicholson,* to be administered as part of the effects of *Peter Nicholson's* succession.

*Roach* and the plaintiff agreed with the administrator of *Peter Nicholson's* estate, to credit the note due to the succession of *Sheldon,* from the succession of *Nicholson,* with the amount of the note due by *Thomas Gamblin* to *Peter Nicholson's* succession; and to take an assignment or transfer of the note due by *Thomas Gamblin* to *William Terrill,* plaintiff, together with a subrogation of all the rights of action and of mortgage which existed in favor of the succession of *Nicholson.*

This agreement was executed by the parties named, by giving the credit to the succession of *Nicholson,* and by transferring the note sued on to plaintiff, and subrogating him to all the rights of action and of mortgage, in favor of *Peter Nicholson's* estate.

The plaintiff by virtue of this transfer and subrogation, has instituted this action, and claims to be the owner of the note sued on in his own right.

*R. A. Nott,* the third possessor, answers the plaintiffs demand, and alleges that the note sued on was paid and extinguished by the execution of the agreement between *Roach,* the plaintiff and the administrator of *Peter Nicholson's* succession; and that the mortgage given to secure the payment of the note, was consequently also extinguished. He also alleges that the note sued on was the property of the succession of *Nicholson,* and could not be legally transfered by the administrator, without an order of Cour; and specially charges that plaintiff has no such right, title or interest, in or to the note sued on, as enables him to maintain an action thereon.

These are the material facts and the substance of the pleadings in the case.

The note sued on and the transfer were as follows:

$1123 69¼.　　　　　　　　　　CADDO, PARISH, January 7th, 1845.

On or before the the first day of January, eighteen hundred and forty-seven, I promise to pay to the order of *Peter Nicholson,* eleven hundred and twenty-three dollars 69¼-100 cents, for value received, with interest after maturity, until paid, at the rate of eight per cent. per annum.

THOS. GAMBLIN.

Endorsed on the back of the note is the following, to-wit:

SHREVEPORT, June 2d, 1849.

I hereby transfer to *W. Serrell* or bearer, all the right, title and claim to the within note, and subrogate him to all actions of mortgage or other actions to collect the same, he having paid the same.

RODERICK NICHOLSON, adm'r.

*Hodge,* for plaintiff and appellant. *Crain & Nutt,* for defendant.

VOORHIES, J. (SPOFFORD, J., recused himself.) The facts of this case, as exhibited by the record, appear to be correctly set forth in the opinion of the Judge *a quo.*

We regret our inability to concur with our learned brother of the District Court in the view which he has taken as to the applicability of the law on which his opinion is based to the state of facts thus presented.

It appears clear to us that the transfer or assignment of *Gamblin's* note by the estate of *Nicholson* in payment of its liability to the estate of *Sheldon,* cannot, in any point of view, be considered as an extinguishment of the note due by *Gamblin.* Admitting for the sake of argument that the administrator had no legal authority to make the transfer, then it is obvious the succession of *Nicholson* would not be affected by it, and the position of *Gamblin,* the maker

TERRILL<br>v.<br>GAMBLIN.

of the note, remains unchanged. Hence we are unable to perceive how the defendant's position can be affected, whether the transferree, or the estate of Nicholson be considered the legal owner of the debt. We think the transfer should be considered as a *donation in paiement*, which our code defines to be " an act by which the debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due." Art. 2625. Was the debt due the estate of *Sheldon*, by the estate of *Nicholson*, extinguished? If so, how was it extinguished? Surely not by payment. Then it must have been by novation. One of the ways in which novation takes place under our code, is, " when by the effect of a new engagement, a new creditor is substituted to the old one, with regard to whom the debtor is discharged." Art. 2185. Applying this rule to the parties before the court, it follows that *Sheldon's* estate must be considered as substituted to *Nicholson's* estate as a new creditor, and *Gamblin* its debtor. The plaintiff being considered transferree, it is clear, under these circumstances, that the sale or transfer of the debt included everything which was an accessory to it, such as suretyship, privileges and mortgages. Art. 2615.

In relation to the transfer from the estate of *Nicholson* under whom the plaintiff claims to hold, it is perfectly clear that the defendant is without any interest to contest it. 5 R. R., 275.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; that the plaintiff recover of *Thomas Gamblin* the sum of six hundred and fifty-nine dollars and fifty-nine cents, with interest thereon at the rate of eight per cent. per annum from the 2d of June, 1849, until paid, and to secure the payment thereof that the plaintiff's mortgage on the property described in his petition, be recognized; that on the failure of the payment of this judgment ten days after the same shall have been notified to the defendant, *R. A. Nott*, then execution shall issue and the property described in the plaintiff's petition, seized and sold to satisfy said judgment, with interest and costs; and it is further decreed that the defendants and appellees pay the costs of both courts.